IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA M. UPHOLD,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　　)　　Civil Action No. 16-645
　　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[1]　　　　　　　　　)
ACTING COMMISSIONER OF SOCIAL　　　　　)
SECURITY,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　　)

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Melissa M. Uphold ("Uphold") brings this action seeking judicial review of the ALJ's decision denying a claim for supplemental security income ("SSI"). Uphold applied for benefits in March of 2012, alleging a disability beginning on October 23, 2010. (R. 17) She appeared and testified at a hearing on February 5, 2014, as did a vocational expert. (R. 17) The ALJ denied Uphold's claim, finding her capable of sedentary work with certain restrictions. (R. 25) Uphold has appealed and challenges the ALJ's decision in several respects. Pending are Cross Motions for Summary Judgment. Docket no. 10 and Docket no. 12. After careful consideration, I find Uphold's arguments to be unpersuasive. Consequently, the ALJ's decision is affirmed.

### Legal Analysis

1. Standard of Review

---

[1] Nancy A. Berryhill because acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

    2. <u>Medical Opinions</u>

Uphold contends that the ALJ erred in discounting the weight given to the opinion offered by her treating psychiatrist Dr. Melissa Albert. The amount of weight accorded to

medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). Additionally, treating sources are given more weight than non-treating sources "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture" of the claimant's medical impairments. 20 C.F.R. § 416.927(c)(2). If the treating source's medical opinion is well-supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record," it is given controlling weight. *Id*. If it is not given controlling weight, an ALJ should also consider the length of treatment and the frequency of examination, the nature and extent of the treatment relationship, the supportability of an opinion, the consistency of an opinion, and the specialization of the physician. *Id*. Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Commissioner of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009).

According to Uphold, the ALJ's rejection of Albert's opinion contravenes these directives. The ALJ assigned "no significant weight" to Dr. Albert's opinion. (R. 27) After careful consideration, I reject Uphold's position.

First, to the extent that Uphold faults the ALJ for failing to provide "specific reasons" for rejecting Dr. Albert's opinion,[2] such an argument is unpersuasive. The ALJ explained that Dr. Albert's opinion was not consistent with her underlying treatment records, was essentially a conclusory form report and devoid of any explanation or

---

[2] Uphold also faults the ALJ for what she perceives is his failure to acknowledge Dr. Albert as a "specialist" as well as the existence of the longtime treatment relationship. I reject this proposition. The ALJ clearly identifies Dr. Albert as a specialist. (R. 27) Additionally, although the ALJ may not have explicitly discussed the length of the treating relationship, the ALJ did so implicitly in reviewing the history of Dr. Albert's treatment of Uphold. (R. 22-27)

3

rationale, and was not well supported. (R. 27) As set forth above, these are acceptable reasons for discounting opinion evidence. 20 C.F.R. § 416.927.

Second, the ALJ's reasons are, in fact, well supported by substantial evidence of record. As the ALJ observed, Dr. Albert recorded in her treatment notes that Uphold was calm, alert, cooperative and well-groomed and spoke at a normal rate and with a normal rhythm and at a normal volume. (R. 218-220, 223-230, 234, 699-734). Moreover, Uphold presented with an intact thought process, and without hallucinations, delusions, or thoughts of suicide or homicide. Her concentration was intact and her insight was only mildly impaired. *Id.* Dr. Albert found that Uphold had no impairment with respect to friendship / peer relationships or an ability to concentrate. (R. 220) Moreover, Dr. Albert reported a GAF rating of 56. (R. 736) As the ALJ stated, ""[u]nder the DISM-IV scale a rating of 56 indicates an impression overall of only moderate symptoms or moderate difficulty in social, occupational or school functioning." (R. 27)

These findings, recorded over the entire treatment history, are at odds with Dr. Albert's report in which she found that Uphold had "no useful ability to function" with respect to: completing a normal workday and workweek without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; set realistic goals or make plans independently of others; and deal with stress of semiskilled and skilled work. (R. 738-39) Dr. Albert reported that Uphold had experienced four episodes of decompensation, yet, as the ALJ noted, "there is no supporting evidence in the record" for this assertion. (R. 25)

4

Additionally, as the ALJ noted, Dr. Albert's opinion is essentially a form with checked boxes and "[s]uch conclusions are weak evidence at best. *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993)." (R. 27).

Dr. Albert's report is also inconsistent with the findings expressed by Dr. Andrews as a part of his evaluation in May of 2012. (R. 433-437)[3] Dr. Andrews found that Uphold "seemed to be able to think reasonably and respond without difficulties." (R. 435) He found "[h]er remote and recent memories [to be] excellent." (R. 435). He noted that "[s]he was able to perform all tasks and respond to questions without losing any concentration or having problems with her attention. Questions never need to be repeated for her. She had good pace and persistence with encouragement with exception of Dal's." (R. 437) He reported that "[s]ocially she relates in a low key but pleasant manner making good eye contact and smiling easily. She has no difficulty with speech. She admitted that she was somewhat anxious during the initial phase of evaluation and this anxiety might be evident in a work setting. Medications seem to be helping in this regard." (R. 437) Dr. Andrews declared her prognosis "fair." (R. 436) Dr. Andrews' assessment of Uphold suggests an individual whose mental impairments, though real, are not disabling.

Finally, I turn to Uphold's contention that Dr. Andrews' findings that she had marked limitation with respect to the ability to make judgments on simple work-related decisions and respond appropriately to changes in a routine work setting support her claim for disability. (R. 761) I find that it does not. The ALJ accounted for these limitations in formulating the residual functional capacity assessment such that Uphold would perform unskilled work with few, if any, changes in her work assignments or

---

[3] Dr. Andrews also evaluated Uphold approximately one year earlier in connection with a prior claim.

routines. (R. 26) The RFC also takes into consideration Dr. Andrews' conclusion that Uphold has moderate limitations with respect to her ability to carry out detailed instructions, to interact appropriately with co-workers, and to respond appropriately to work pressures in a usual setting. (R. 761) The RFC limits Uphold to unskilled work with simple, repetitive tasks that do not involve detailed instructions or rapid production pace and provides for no close interaction or cooperation with coworkers. (R. 25-26)

Because I find the ALJ's decision to be consistent with the statutory and regulatory scheme, and because substantial evidence supports the ALJ's decision, the Commissioner's decision is affirmed in its entirety.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA M. UPHOLD,  )
 )
    Plaintiff,  )
 )
  -vs-  )    Civil Action No. 16-645
 )
NANCY A. BERRYHILL,[4]  )
ACTING COMMISIONER OF  )
SOCIAL SECURITY,  )
 )
    Defendant.  )

AMBROSE, Senior District Judge.


## ORDER OF COURT

Therefore, this 8th day of March, 2017, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (Docket no. 10) is denied and Defendant's Motion for Summary Judgment (Docket no. 12) is granted.

                        BY THE COURT:

                        /s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017.